UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA SCHILLING                                            CIVIL ACTION

VERSUS

PETSMART, INC., ET AL                             NO: 17-00422-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 11)** and the **Motion to Strike (Doc. 20)** filed by Defendant PetSmart, Inc. Plaintiff Patricia Schilling filed oppositions. (Docs. 17 and 24). For the following reasons, the **Motion for Summary Judgment (Doc. 11) is DENIED** and the **Motion to Strike (Doc. 20) is DENIED AS MOOT.**[1]

## I. BACKGROUND

This is a slip and fall case. The facts taken in the light most favorable to Plaintiff are as follows. On January 2, 2017, Plaintiff walked into a PetSmart store in Denham Springs, Louisiana. (Doc. 11-2 at 23:13-21, 25:13-26:11). It had been raining hard that day and for several days beforehand. *Id.* at 24:2-3; Doc. 11-3 at 65:5-7. Plaintiff walked through the store's exterior automatic sliding doors into the store's vestibule and wiped her feet on a rubber floor mat. (Doc. 11-2 at 26:13-19; Doc. 11-3 at 27:7-8). The store has a set of exterior automatic sliding doors and a

---

[1] Defendant asks that the Court strike affidavits of Plaintiff's expert in architectural design and Plaintiff's investigator who photographed the accident site. (Doc. 20). But even if the Court excluded these affidavits, the Court would still deny Defendant's Motion for Summary Judgment. Therefore, the Motion to Strike is denied as moot. Defendant may, of course, file motions in limine to exclude these witnesses at trial.

1

vestibule that is eight to ten feet long that leads to another set of interior automatic sliding doors that leads inside of the store. (Doc. 11-3 at 26:5-24). The rubber floor mat in the vestibule is about six feet long. *Id.* at 27:3-5.

After wiping her feet on the floor mat, Plaintiff walked to her left onto a concrete floor to get a shopping cart, when all of a sudden Plaintiff's "feet went flying from under her." (Doc. 11-2 at 26:13-19). Plaintiff did not see any water after walking inside and wiping her feet on the mat. *Id.* at 28:16-21. After she fell, though, Plaintiff saw several puddles of water between the floor mat and the sliding doors. *Id.* at 29:13-16. The floor also felt "damp." *Id.* Plaintiff was then taken by ambulance to a local emergency room. *Id.* at 39:9-15. She was in a lot of pain, and she underwent a total hip replacement surgery the next day. *Id.* at 49:17-19.

Earlier that day, PetSmart's store manager had placed a wet floor sign inside of the vestibule, but it kept blowing over. (Doc. 11-3 at 36:5-10; 85:23-25). As a result, she placed it inside the store rather than in the vestibule, several feet beyond the interior sliding doors of the entrance, so that it did not fall down and pose a tripping hazard. (Doc. 11-3 at Exhibit 4; 36:5-10; 85:23-25; 84:2-6). Plaintiff, however, did not see the wet floor sign when she walked in the first set of exterior doors and fell. (Doc. 11-2 at 33:5-18). Throughout the day, the store manager had also looked to see if the vestibule area was wet, and she did not see any standing water on the concrete floor where the shopping carts were located. (Doc. 11-3 at 32:3-24; 35:18-21). It is also PetSmart's store policy to have employees periodically monitor the vestibule for water, but there is no set time period or schedule for doing so. *Id.* at 84:19:25.

2

Plaintiff claims that PetSmart is liable for damages because it acted negligently. (Doc. 1-1 at p. 3). Plaintiff sued PetSmart and ABC Insurance Company on June 6, 2017 in the 21st Judicial District Court, Parish of Livingston, Louisiana. (Doc. 1-1 at p. 2). Invoking the Court's diversity jurisdiction, Defendant removed the case to this Court a month later. (Doc. 1).

II. **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

III. **DISCUSSION**

Under Louisiana law, a plaintiff seeking damages against a merchant in a slip and fall case has the burden of proving that a condition on the premises presented: (1) an unreasonable risk of harm and that this harm was reasonably foreseeable; (2) that the merchant either created or had actual or constructive notice of the condition and; (3) that the merchant failed to exercise reasonable care. La. R.S. 9:2800.6(B). "The burden of proof does not shift to the defendant at any point and failure to prove

3

any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. Ct. 2011) (citing *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997)).

### A. Unreasonable Risk of Harm That Was Reasonably Foreseeable

The first issue is whether the floor presented an unreasonable risk of harm and that harm was reasonably foreseeable. Defendant contends that there was no condition that presented an unreasonable risk of harm because there was no water on the vestibule floor. (Doc 11-1 at p. 8). If there is a puddle of water on a floor or a floor mat is saturated with water in a high traffic area, the floor poses an unreasonable risk of harm that is reasonably foreseeable. *See Barton v. Wal-Mart Stores, Inc.*, 704 So. 2d 361, 367 (La. Ct. App. 1997); *Oalmann v. K-Mart Corp.*, 630 So. 2d 911, 913 (La. Ct. App. 1993). In *Barton*, for example, the court concluded that a floor presented an unreasonable risk of harm that was reasonably foreseeable because it was raining, the store failed to change its floor mats in a high traffic area once they became wet, and the plaintiff testified that the floor he fell on was wet. *Id*; *see also Oalmann*, 630 So. 2d at 913 (finding that a puddle of water on a K-Mart floor created an unreasonable risk of harm that was reasonably foreseeable).

Here, it was raining the day Plaintiff fell, she testified that she saw puddles of water on the floor after she fell, (Doc 11-2 at pp. 29:13-16), and the Defendant's store manager admitted that the floor mat had never been changed. True enough, the manager testified that she did not see any water on the floor, (Doc 11-3 at p. 35:18-21, 88:9-:24), but the Court must make all reasonable inferences in Plaintiff's favor,

4

and therefore it is reasonable to infer that the floor mat was saturated with water because it was windy and rainy the day Plaintiff fell. The Court therefore concludes that there is a genuine issue of material fact about whether the wet floor posed an unreasonable risk of harm and this harm was reasonably foreseeable.

### B. Actual or Constructive Notice

The second issue is whether Defendant had actual or constructive notice that the vestibule floor was wet. The Court need not decide whether Defendant had actual notice because the Court concludes that it had constructive notice of the wet floor. To establish constructive notice, a plaintiff "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1082 (La. 1997). In *Oalmann,* for example, the court held that a K-Mart had constructive notice of a water puddle because it had been raining on the day the plaintiff fell, and the constant influx of customers made it reasonable to infer that the floor would quickly become wet. *Id.*

Here, it had been raining for several days, and it is reasonable to infer that the entrance and exit of the PetSmart had heavy foot traffic that would cause the floor to become wet. (Doc. 11-3 at p. 90-94). Indeed, Defendant's store manager even put up a wet floor sign, indicating that she knew the floor could become wet. *Id.* at p. 94-96. Given the totality of the circumstances, the Court therefore finds that there is a genuine issue of material fact about whether Defendant had constructive notice the vestibule floor was wet.

5

## C. Reasonable Care

The third issue is whether Defendant exercised reasonable care. Defendant argues that it acted reasonably because it placed large rubber backed carpet mats in the vestibule and periodically inspected the mats, kept a dry mop on hand to clean up any liquid on the floor, and placed a wet floor sign inside the interior door of the vestibule. (Doc. 11-1 at p. 15). "Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risks of harm and warn persons of known dangers." *Turner v. Brookshire Grocery Co.*, 785 So. 2d 161, 164 (La. Ct. App. 2001).

The Court concludes that taking the evidence in the light most favorable to Plaintiff, Defendant acted unreasonably because it failed to put a floor mat on the concrete floor near the shopping carts where Plaintiff fell. To be sure, "[t]he merchant's duty in dealing with the water that is tracked in and possibly dripped throughout the premises on a rainy day is not to provide mats for every wet area of the store." *Turner v. Brookshire Grocery Co.*, 785 So. 2d 161, 165 (La. Ct. App. 2001). But given the high level of foot traffic that the entrance and exit of a store receives, a jury could conclude that it was unreasonable for Defendant to leave the concrete floor bare on a windy and rainy day.

Defendant also argues that it acted reasonably because employees periodically monitored the floor in the vestibule to ensure that there was no accumulation of water, kept a dry mop on hand to clean up any liquid on the floor, and placed wet floor signs inside the store in view of the vestibule, under the store's rainy day safety

measures. (Doc 11-3 at p. 85-88). Even assuming Defendant took these steps, the Court finds that failing to place a floor mat on the concrete floor near the shopping carts creates a material dispute of fact about whether Defendant acted reasonably. A jury may conclude otherwise, but at this stage taking all facts and reasonable inferences in Plaintiff's favor, it was unreasonable for Defendant to leave the concrete floor area near the shopping carts bare on a rainy and windy day.

IV. CONCLUSION

Accordingly,

IT IS ORDERED that the **Motion for Summary Judgment (Doc. 11)** is **DENIED**.

IT IS FURTHER ORDERED that the **Motion to Strike (Doc. 20)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 23rd day of July, 2018.

_____
**BRIAN A. JACKSON**
**UNITED STATES DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**