UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA SCHILLING                CIVIL ACTION

VERSUS

PETSMART, INC., ET AL.            NO.: 17-00422-BAJ-RLB

## RULING AND ORDER

Before the Court is PetSmart, Inc.'s **Re-Urged Motion for Summary Judgment (Doc. 29)** against Plaintiff Patricia Schilling. For the reasons that follow, the **Re-Urged Motion for Summary Judgment (Doc. 29)** is construed as a motion for reconsideration of the Court's July 23, 2018 Ruling and Order (Doc. 25) denying PetSmart's original summary judgment motion and is **DENIED**.

### I. BACKGROUND

This dispute arises from injuries Plaintiff alleges she sustained when she slipped and fell in the vestibule of a PetSmart store on a rainy day. (Doc. 1-1). Primarily at issue is whether Plaintiff can satisfy the notice element of her premises-liability claim against PetSmart under the Louisiana Merchant Liability Act, Louisiana Revised Statutes 9:2800.6. (Doc. 29).

The slip-and-fall happened on January 2, 2017. (Docs. 11-8 at ¶ 1; 17-5 at ¶¶ 1-8). Around 1:00 P.M., Plaintiff walked into a Denham Springs, Louisiana PetSmart store. (Docs. 11-8 at ¶ 3; 17-5 at ¶¶ 1-8). It had rained much of the day. (Docs. 11-8 at ¶ 18; 17-5 at ¶¶ 1-8). An automatic sliding-glass door separates the area outside the store from the store's vestibule. (Docs. 11-8 at ¶ 4; 17-5 at ¶¶ 1-8). An interior automatic sliding-glass door separates the store's vestibule from the retail area. (Docs. 11-8 at ¶ 4; 17-5 at ¶¶ 1-8). Plaintiff walked through the store's exterior automatic sliding-glass doors into

1

the store's vestibule and wiped her feet on a rubber floor mat. (Docs. 11-8 at ¶ 5; 17-5 at ¶ 1).

After Plaintiff wiped her feet, Plaintiff walked to her left onto a concrete floor to get a shopping cart. (Docs. 11-8 at ¶ 5; 17-5 at ¶ 1). Suddenly, Plaintiff's "feet went flying out from under her." (Docs. 11-8 at ¶ 5; 17-5 at ¶ 1). Plaintiff did not see any water on the floor of the vestibule before she fell. (Docs. 11-8 at ¶ 11; 17-5 at ¶¶ 1-8). After she fell, Plaintiff noticed puddles of water between the floor mat and the sliding doors. (Docs. 11-8 at ¶ 12; 17-5 at ¶ 4).

Earlier that day, PetSmart's store manager placed a "wet floor" sign inside the vestibule. (Doc. 11-8 at ¶ 19; 17-5 at ¶ 6). But wind from outside kept blowing the sign over, so the store manager moved the sign inside the store, several feet past the interior automatic sliding-doors. (Docs. 11-8 at ¶ 19; 17-5 at ¶¶ 1-8). The store manager used the "wet floor" sign as a "precaution" and "[t]o warn anybody that would come into the building that was unaware that it was raining outside and that they may be wet and they may track water in." (Doc. 11-3 at p. 92). PetSmart's store manager checked the vestibule area throughout the day and did not see any standing water. (Docs. 11-8 at ¶ 16; 17-5 at ¶ 6).

Five months later, Plaintiff sued PetSmart for negligence in the 21st Judicial District Court for the Parish of Livingston. (Doc. 1-1 at p. 2). Plaintiff alleges that PetSmart negligently failed to keep the premises dry, put up warning signs, provide adequate matting, and properly monitor the vestibule area. (Doc. 1-1 at p. 3). Plaintiff also alleges that the injuries she suffered in the slip-and-fall required her to have hip replacement surgery. (Doc. 1-1 at p. 3). PetSmart removed the suit based on diversity jurisdiction. (Doc. 1).

Now, PetSmart moves the Court to reconsider its denial of summary judgment on the ground that Plaintiff cannot offer facts to satisfy the constructive-notice element of

her Louisiana Merchant Liability Act claim. (Doc. 29). PetSmart originally moved for summary judgment nine months ago, in March 2018. (Doc. 11). The Court denied that motion, citing genuine issues of material fact on each element of Plaintiff's Louisiana Merchant Liability Act claim. (Doc. 25). In its re-urged motion, PetSmart argues that the Court applied a relaxed constructive-notice standard derived from *Oalmann v. K-Mart Corp.*, 630 So. 2d 911 (La. Ct. App. 4th Cir. 1993), when it should have applied the more demanding standard articulated in *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081 (La. 1997). (Doc. 29-1 at p. 9).[1] Plaintiff opposes. (Doc. 35).

In her opposition, Plaintiff focuses on proof of actual notice. (Doc. 35 at p. 6). Plaintiff argues that the PetSmart store manager's testimony that she felt that she "needed" to place a "wet floor" sign in the vestibule creates a material fact issue on the question whether PetSmart had actual notice that the floor of the vestibule was wet. (Doc. 35 at p. 6).

## II. LEGAL STANDARD

The Court may revise an interlocutory order at any time for any reason before it enters final judgment. *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). An order denying a motion for summary judgment does not adjudicate all claims or decide the rights and liabilities of all parties and is therefore interlocutory. Fed R. Civ. P. 54(b). Because requests to reconsider interlocutory orders under Rule 54(b) require courts to consider many of the policies behind Rule 59(e) requests to alter or amend an order or judgment, courts apply the Rule 59(e) standard to Rule 54(b) motions to reconsider. *See, e.g., Hillie v. Williams*, No. 4:17-CV-69-DMB-DAS, 2018 WL 280531, at *2 (N.D. Miss.

---

[1] PetSmart also argues that the Court should revisit its summary judgment ruling because Plaintiff's investigator and accident-reconstruction expert perjured themselves in affidavits Plaintiff submitted in opposition to PetSmart's summary judgment motion. (Doc. 29-1 at p. 4). The Court did not consider the affidavits when it assessed PetSmart's original summary judgment motion, and it will not consider them now.

3

Jan. 3, 2018); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases). To support relief under that standard, PetSmart must "clearly establish" that the Court's ruling was "manifestly erroneous" or offer newly-discovered evidence that justifies reconsideration. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

### III. DISCUSSION

The Louisiana Merchant Liability Act governs PetSmart's liability for Plaintiff's slip and fall. La. R.S. 9:2800.6. To recover against PetSmart under the Louisiana Merchant Liability Act, Plaintiff must prove the elements of an ordinary negligence claim and that (1) the condition existing on PetSmart's premises presented an unreasonable risk of harm to her and that the risk of harm was reasonably foreseeable; (2) PetSmart either created or had actual or constructive notice of the condition; and (3) PetSmart failed to exercise reasonable care. La. R.S. 9:2800.6(B). Only notice is at issue here.

PetSmart argues that the Court erroneously relied on *Oalmann* to conclude that Plaintiff had shown a material fact issue on the constructive-notice element of her Louisiana Merchant Liability Act claim. (Doc. 29-1 at p. 3). PetSmart asserts that *Oalmann*'s reasoning "stands in direct conflict with the Louisiana Supreme Court's later holdings in *White, Kennedy*, and *Babin*." (Doc. 29-1 at p. 3). PetSmart is mistaken. The *White* court cited *Oalmann* as "an example where the claimant did carry the burden of showing actual or constructive notice." *Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226, 2002 WL 1939917, at *7 n.7 (5th Cir. 2002) (per curiam); *see also Hartford v. Wal-Mart Stores, Inc.*, 1999-0753, at pp. 5-6 (La. Ct. App. 1st Cir. 5/16/00); 765 So. 2d 1081, 1085-1086 (citing *White* and *Oalmann* to affirm judgment in favor of plaintiff who argued merchant had constructive notice of a slippery floor); *Barton v. Wal-Mart Stores, Inc.*, 97-801, p. 10 (La. App. 3d Cir. 12/10/97); 704 So. 2d 361, 364 (same).

4

PetSmart next argues that the Court did not apply the constructive notice standard articulated in *White*, and that proper application of that standard "mandates" summary judgment. (Doc. 29-1 at p. 9). PetSmart is again mistaken. The Court's ruling denying PetSmart's original summary judgment motion cited *White* and set forth the correct constructive-notice standard. (Doc. 25 at p. 5).

PetSmart has neither "clearly established" that the Court's denial of its summary judgment motion was "manifestly erroneous," nor offered newly-discovered evidence that justifies reconsideration. *Schiller*, 342 F.3d at 567. PetSmart instead raises many of the same arguments the Court considered and rejected when it denied PetSmart's original summary judgment motion. (Doc. 29-1).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that PetSmart, Inc.'s **Re-Urged Motion for Summary Judgment (Doc. 29)**, construed as a motion for reconsideration of the Court's July 23, 2018 Ruling and Order, is **DENIED**.

Baton Rouge, Louisiana, this 14th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**