UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA SCHILLING                               CIVIL ACTION

VERSUS

PETSMART, INC. ET AL.                        NO.: 17-00422-BAJ-RLB

## RULING AND ORDER

Before the Court is PetSmart, Inc.'s **Daubert Motion (Doc. 27)** to exclude the testimony of Patricia Schilling's liability expert, Mitchell Wood. For the reasons that follow, the **Motion (Doc. 27)** is **DEFERRED IN PART** and **DENIED IN PART**.

I.    **BACKGROUND**

Patricia Schilling sued PetSmart for negligence after she slipped and fell in the vestibule of a PetSmart store on a rainy day. (Doc. 1-1). She retained Mitchell Wood to test whether the vestibule of the store becomes unreasonably slippery when wet. (Doc. 33 at p. 6). Wood tested the floor's static coefficient of friction using an American Slip Meter Digital 825A test meter. (*Id.*). Based on the tests, Wood opines that (1) PetSmart failed to comply with safety codes; (2) PetSmart's negligent failure to place a warning sign in the vestibule was a "key element" in Plaintiff's fall; (3) the number of floor mats placed in the vestibule "played a significant role" in Plaintiff's fall; and (4) PetSmart's failure to treat the floor with anti-slip additive was a "key element" in Plaintiff's fall. (Doc. 33-2 at p. 6).

PetSmart moves to exclude Wood's opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (Doc. 27). Plaintiff opposes. (Doc. 33).

1

## II. LEGAL STANDARD

An expert qualified by knowledge, skill, experience, training or education may present opinion testimony if (1) the expert's specialized knowledge will help the jury understand the evidence or determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The party offering expert testimony bears the burden of showing that the testimony is reliable. *Sims v. Kia Motors of Am., Inc.*, 839 F.3d 393, 400 (5th Cir. 2016).

## III. DISCUSSION

### A. Wood's First Opinion

Wood opines that a "key element" in Plaintiff's fall was PetSmart's "failure to comply with [the] Line Safety Code and the International Building Code to provide a safe means of egress for the patrons at PetSmart." (Doc. 33-2 at p. 6).

PetSmart asks the Court to exclude the opinion because it is based on unreliable static coefficient of friction tests Wood performed at the PetSmart store using a digital slip meter. (Doc. 27-1 at p. 6). PetSmart asserts that the tests are unreliable because Wood did not follow the procedures prescribed by the manufacturer of the digital slip meter. (*Id.*). In particular, PetSmart complains that Wood (1) raised his hand several inches above the ground at an upwards angle as he pulled the monofilament line linked to the digital slip meter, when proper testing requires that the hand pulling the line be parallel with the ground; (2) jerked the monofilament line on the digital slip meter before tension could build, when proper testing requires that the tester pull the line by slowly curling his index finger towards his palm; and (3) continued to pull the line after the meter began to move, when proper testing procedure prohibits dragging the meter. (*Id.*

at p. 12). PetSmart submitted a video of Wood performing the tests in support of its characterization. (Doc. 27-2, filed conventionally).

The Court has reviewed the video and agrees that Wood's testing procedures differ from the procedures prescribed by the manufacturer of the digital slip meter. For example, at the 14 minute 40 second mark and the 20 minute 32 second mark, Wood appears to place his pulling hand several inches above the ground, and he continues to drag the digital slip meter after the meter has registered a reading. (Doc. 27-2, filed conventionally). And at the 25 minute 23 second mark, Wood again fails to place his pulling hand parallel to the ground. (*Id.*). Plaintiff discounts these differences. (Doc. 33 at p. 9). She counters PetSmart's characterization of Wood's testing with an affidavit from Wood.[1] (*Id.*). But that affidavit attempts to controvert what is plain from the video: Wood's hand is not parallel to the ground during some tests and Wood consistently drags the digital slip meter. (Doc. 27-2, filed conventionally, at 14:40 and 20:32).

Although the Court finds discrepancies between the tests Wood performed and the testing procedures prescribed by the meter's manufacturer, the parties have inadequately explained how those discrepancies affect the reliability of the tests. Without that explanation, the Court cannot assess whether Wood has reliably applied static coefficient of friction testing to form his opinion. *See Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199 (5th Cir. 2016) (reversing district court for

---

[1] Plaintiff argues that some of the exhibits PetSmart attaches to its *Daubert* Motion are inadmissible hearsay: a training manual for the American Slip Meter Digital 825A test meter (Doc. 27-5); "operating instructions information" for the American Slip Meter Digital 825A test meter (Doc. 27-6); and a video showing a properly performed test using the American Slip Meter Digital 825A test meter (Doc. 27-7). The Court need not consider the challenged exhibits to discern the discrepancy between the prescribed procedure and the procedure Wood used because Wood testified at length about proper use of the American Slip Meter Digital 825A test meter during his deposition. (Doc. 27-4 at pp. 150-152).

3

failing to preliminarily assess the reliability of expert testimony). The Court therefore DEFERS ruling on PetSmart's *Daubert* Motion as to Wood's first opinion.

### B. Wood's Second, Third, and Fourth Opinions

Wood opines that "key elements" in Plaintiff's fall include PetSmart's failure to treat the vestibule's polished concrete with "an anti-slip additive" and PetSmart's "negligence" in failing to "mitigate a hazardous condition" by placing "[w]arning signs and/or boards" in the vestibule. (Doc. 33-2 at p. 6). He also opines that the "condition, location and ... number of floor mats in a high traffic pedestrian zone played a significant role in Plaintiff's accident." (*Id.*).

PetSmart asks the Court to exclude these opinions because they are based on unfounded assumptions. (Doc. 27-1 at p. 17). In particular, PetSmart faults Wood for assuming that the floor of the vestibule was wet when Plaintiff slipped and fell. (*Id.* at p. 16). Plaintiff rejoins that the opinions are admissible because they are based on facts Wood was "made aware of" under Federal Rule of Evidence 703. (Doc. 33 at p. 7).

Wood may base his opinions "on facts or data in the case that he has been made aware of or personally observed." Fed. R. Evid. 703. His opinions are not unreliable just because they may be based on assumptions. *See Nova Consulting Grp., Inc. v. Eng'g Consulting Servs., Ltd.*, 290 F. App'x 727, 733 (5th Cir. 2008) (per curiam). And questions as to the bases of Wood's opinions go to their weight, not their admissibility. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). PetSmart has not shown that Wood's testimony cannot be adequately challenged on cross-examination and with countervailing expert testimony. *See Nkansah v. Martinez*, No. 3:15-CV-00646, 2017 WL 2798520, at *4 (M.D. La. June 28, 2017). The Court therefore DENIES PetSmart's *Daubert* Motion as to Wood's second, third, and fourth opinions.

4

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that PetSmart, Inc.'s *Daubert* Motion (Doc. 27) is **DEFERRED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Court will schedule a hearing on the *Daubert* Motion, limited to Wood's first opinion, at the pretrial conference set for December 17, 2018. Counsel shall be prepared to discuss dates.

Baton Rouge, Louisiana, this 17th day of December, 2018.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**