UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA SCHILLING                            CIVIL ACTION

VERSUS

PETSMART, INC. ET AL.                      NO.: 17-00422-BAJ-RLB

## RULING AND ORDER

Before the Court is PetSmart, Inc.'s **Motion in Limine (Doc. 26)** to exclude the testimony of Matthew D'Aubin. For the reasons that follow, the **Motion in Limine (Doc. 26) is DENIED.**

I.     BACKGROUND

Patricia Schilling sued PetSmart for negligence after she slipped and fell in the vestibule of a Denham Springs, Louisiana PetSmart store on a rainy day. (Doc. 1-1). To support her claim, Plaintiff retained Matthew D'Aubin to inspect the condition of the floor of the vestibule at the PetSmart store. (Doc. 17-3). D'Aubin inspected the floor of the vestibule on March 30, 2017—87 days after Plaintiff's January 2, 2017 fall. (*Id.*). It rained the day of the inspection. (*Id.*). D'Aubin observed "that the concrete floor where the shopping carts are housed was wet and slippery" and that as it "continued to rain . . . the concrete area in the vicinity of the shopping carts became increasingly . . . wet and slippery." (*Id.*).

PetSmart moves to exclude D'Aubin's testimony on the grounds that it is irrelevant and its probative value is substantially outweighed by a danger of misleading

the jury and confusing the issues.[1] (Doc. 26). PetSmart asserts that D'Aubin's testimony about the condition of the floor of the vestibule on March 30, 2017 has no bearing on the condition of the floor of the vestibule on the date of Plaintiff's fall. (Doc. 26-1 at p. 6). Plaintiff rejoins that D'Aubin's post-incident investigation is relevant because it tends to show that the floor becomes slippery when it rains. (Doc. 34).

## II. LEGAL STANDARD

The party objecting to the admission of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

PetSmart asks the Court to exclude D'Aubin's testimony about the condition of the floor of the vestibule because it is not relevant. (Doc. 26 at p. 1). Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. D'Aubin's testimony that the floor of the vestibule was slippery on a rainy day 87 days after Plaintiff's fall tends to make it more probable that the floor of the vestibule was slippery on the rainy day that Plaintiff fell.

PetSmart has not identified any change in the condition of the floor of the vestibule between the date of D'Aubin's inspection and the date of Plaintiff's fall. Nor has PetSmart shown that the weather conditions on the date of D'Aubin's inspection differed from the weather conditions on the date of Plaintiff's fall in a way that would diminish the relevance of the testimony. D'Aubin's delay in inspecting the floor of the vestibule goes to the weight of the testimony and not to its admissibility. *See F.W. Woolworth Co. v.*

---

[1] PetSmart asks the Court to prohibit D'Aubin from offering expert testimony. (Doc. 26-1 at p. 3). The request is moot because Plaintiff states that she will not offer D'Aubin as an expert witness. (Doc. 34 at p. 5).

*Seckinger*, 125 F.2d 97, 98 (5th Cir. 1942) (holding that lay-witness testimony about the condition of a floor one-and-a-half months after an accident was relevant). So the Court rejects PetSmart's relevance challenge to D'Aubin's testimony.[2]

Next, PetSmart asks the Court to exclude D'Aubin's testimony because it has low probative value and may mislead the jury. (Doc. 26-1 at p. 1). The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. PetSmart asserts that D'Aubin's testimony about his post-incident investigation will mislead the jury and spark a mini-trial on the condition of the store's vestibule 87 days after Plaintiff's fall. (Doc. 26-1 at p. 7). The Court disagrees.

First, the jury is capable of distinguishing between testimony about the condition of the floor of the vestibule 87 days after Plaintiff's fall and testimony about the condition of the floor of the vestibule on the date of Plaintiff's fall. And the Court will issue an instruction limiting the purposes for which the jury can consider the testimony. *See United States v. Sanders*, 343 F.3d 511, 518 (5th Cir. 2003) ("Under the Rule 403 standard, when the court issues a limiting instruction, it minimizes the danger of undue prejudice.").

Second, PetSmart's fear of a mini-trial is unjustified. (Doc. 26-1 at p. 7). The Court will not allow the parties to dwell on D'Aubin's post-incident investigation: D'Aubin may

---

[2] PetSmart's position finds limited support in *LeBeouf v. K-Mart Corp.*, 888 F.2d 330 (5th Cir. 1989). There, the United States Court of Appeals for the Fifth Circuit concluded that a trial court did not abuse its discretion when it excluded evidence of the condition of a floor two years after a slip and fall. *Id.* at 333. The trial court reasoned that evidence of the floor's subsequent condition was not relevant because "[d]angerous conditions come and go" and the two-year gap between the fall and the investigation is "so remote in time." *Id.* The gap in this case is far shorter—just 87 days. And unlike the party seeking to exclude the subsequent-condition evidence in *LeBeouf*, Plaintiff has made a preliminary showing that the conditions on the date of the investigation resemble the conditions on the date of Plaintiff's fall.

3

testify to his perception of the condition of the vestibule floor on the date he inspected it and nothing more. *See* Fed. R. Evid. 701.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that PetSmart, Inc.'s **Motion in Limine (Doc. 26)** is **DENIED**.

Baton Rouge, Louisiana, this 17th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**