UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA SCHILLING            CIVIL ACTION

VERSUS

PETSMART, INC. ET AL.            NO.: 17-422-BAJ-RLB

## RULING AND ORDER

Patricia Schilling sued PetSmart for negligence after she slipped and fell in the vestibule of a PetSmart store on a rainy day. (Doc. 1-1). She retained Mitchell Wood to use static coefficient of friction testing to determine whether the vestibule's floor becomes too slippery when it is wet. (Doc. 33). Wood opines that it does. (Doc. 33-2).

PetSmart moved to exclude Wood's opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (Doc. 27). The Court denied the motion in most respects but held open the question whether the "discrepancies between the tests Wood performed and the testing procedures prescribed by the [slip] meter's manufacturer" render Wood's tests unreliable. (Doc. 44). The Court held an evidentiary hearing on that issue and received post-hearing briefs. (Docs. 73, 74, 76, 79).

Having considered Craig Stephenson's deposition testimony, Wood's hearing testimony, and the post-hearing briefs, the Court finds that the discrepancies between Wood's testing and the manufacturer's procedures do not render Wood's tests

1

unreliable. Wood's opinions are the type of "shaky but admissible evidence" that PetSmart must attack through "[v]igorous cross-examination [and] presentation of contrary evidence." *Daubert*, 509 U.S. at 596.

Accordingly,

**IT IS ORDERED** that PetSmart's *Daubert* **Motion (Doc. 27)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Strike (Doc. 80)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 22nd day of April, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**